IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LEONARD W. KRAISEL,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civ. No. DLB-21-3182 |
| **WARDEN DENISE GELSINGER,** *et al.*, | * | |
| **Defendants.** | * | |

**MEMORANDUM OPINION**

Self-represented plaintiff Leonard W. Kraisel filed this civil rights action for damages pursuant to 42 U.S.C. § 1983 against Warden Denise Gelsinger and Officer R. L. Kabler. ECF 4, 6; *see* ECF 33, at 2. Kraisel alleges that the defendants failed to protect him from harm when he was incarcerated at Maryland Correctional Institution – Hagerstown ("MCIH") in violation of the Eighth Amendment of the U.S. Constitution. ECF 4. Specifically, Kraisel alleges that they failed to fix a defective gym bench at MCIH that caused injuries to him when he fell off it. *Id.* The defendants have moved to dismiss the amended complaint or, in the alternative, for summary judgment and filed a memorandum in support.[1] ECF 40, 40-1. Kraisel opposed the motion. ECF 44. The defendants replied. ECF 45. Kraisel also has moved for summary judgment in his favor. ECF 49. The defendants opposed Kraisel's motion. ECF 52. Kraisel replied. ECF 55, 56. No hearing on the motions is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the defendants' motion is granted and Kraisel's motion is denied.

---

[1] The defendants also asked the Court to consider additional exhibits that they inadvertently failed to submit with their dispositive motion. ECF 46. Their motion is granted.

I.      **Background**

Kraisel alleges that on December 10, 2018, while he was incarcerated at MCIH, he tried to sit down on a bench in the gym and fell because the bench's legs were uneven. ECF 4, at 3. Kraisel damaged the tendon or ligament in his shoulder when he fell, and the injury limited his range of motion and caused severe pain. *Id.* at 3, 7. He states that he alerted an officer, who has since been identified as Officer Kabler, of his injury, and Kabler alerted the infirmary. *Id.* at 4; ECF 33, at 2. Kraisel states that, when he asked for an x-ray and to go to the emergency room, a nurse instead gave him Tylenol and directed him to submit a sick call request.[2] ECF 4, at 4. Kraisel claims that Officer Kabler violated his Eighth Amendment rights "by failing to take proper inventory of equipment, i.e., broken stool bench, and report damaged inventory to be fixed or removed so no one get[]s hurt." *Id.* at 7. He claims that Warden Gelsinger, as a supervisor, violated his Eighth Amendment rights by failing to conduct inspections and to ensure that Kabler followed prison policy to report damaged inventory such as the bench. *Id.* Kraisel seeks declaratory relief and monetary damages. *Id.* at 6.

On May 19, 2019, Kraisel filed a Request for Administrative Remedy ("ARP"), No. MCI-H-0097-19, in which he complained that he was not referred to an orthopedic doctor as directed following his injury "from a fall in the gym" on December 10, 2018. ECF 1-2, at 8. Kraisel asserted that his injury was the result of "the prison's negligence" and requested that he be referred for an orthopedic consult. *Id.* at 6, 8. He was directed to resubmit the ARP by June 13, 2019, with additional information about the incident. *Id.* at 8. Kraisel resubmitted his ARP on June 4, 2019,

---

[2] Kraisel originally brought claims against two unnamed medical providers. Those claims were dismissed without prejudice after the medical records were provided to Kraisel and Kraisel failed to identify the medical providers. *See* ECF 34, 35. Kraisel did not name any other medical staff as defendants.

stating the time, date, and location of the fall—but not the cause—and reiterating that his "main request" was to be referred to an orthopedic specialist. *Id.* at 5, 7. His ARP was denied on June 26, 2019. *Id.* at 9. Kraisel appealed to the Commissioner of Correction, alleging that his injury resulted from trying to sit on a "defective bench . . . due to negligence on the part of DOC" and from the "failure to require Wexford Health to provide a competent diagnosis & treatment." *Id.* at 11–12. The Commissioner dismissed the appeal on July 20, 2019. *Id.* at 4. Kraisel asserts that he appealed the Commissioner's decision to the Inmate Grievance Office ("IGO") but never received a response. *See id.* at 13.

## II.   Standard of Review

The defendants move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. ECF 40, 40-1. The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider documents integral to and explicitly relied on in the complaint when their authenticity is not disputed. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). When the parties present and the Court considers matters outside the pleadings on a Rule 12(b)(6) motion, the Court must treat the motion as one for summary judgment under Rule 56, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Because the Court finds it unnecessary to rely on matters outside the pleadings to resolve the motion, the Court construes the defendants' motion as a motion to dismiss and reviews Kraisel's claims under the Rule 12(b)(6) standard.

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir.

3

2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that the defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ Is the Answer Ministries, Inc. v. Baltimore Cnty., Maryland*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Virginia State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If an affirmative defense "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal

4

under Rule 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

### III.   Discussion

The defendants raise the affirmative defense that Kraisel has failed to exhaust his administrative remedies. The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion under § 1997e(a) is mandatory, and therefore the plaintiff must exhaust his available administrative remedies before this Court will hear his claim. *See Ross v. Blake*, 578 U.S. 632, 639 (2016); *Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Consequently, if Kraisel has not properly presented

any of his claims through an available administrative remedy procedure, that claim must be dismissed pursuant to the PLRA. *See Ross*, 136 S. Ct. at 1857.

An administrative remedy procedure process applies to all Maryland prisons. Md. Code Regs. ("COMAR") 12.02.28.01 *et seq.* A prisoner seeking redress for a rights violation must follow that process, beginning with filing an ARP request with the prison's managing official. Md. Code Ann., Corr. Servs. § 10-206(b); COMAR 12.07.01.04; *see Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (to exhaust administrative remedies, a prisoner must complete "the administrative review process in accordance with the applicable procedural rules"). An inmate may file an ARP request "to resolve a complaint related to: . . . [m]edical . . . services; . . . staff" and "[c]orrectional facility conditions affecting inmate: . . . [h]ealth; . . . [s]afety; or . . . [w]elfare," among other complaints. COMAR 12.02.28.04.A(2), (6), (9). The inmate must state "[t]he subject of the complaint;" "[t]he date the incident occurred or the inmate first had knowledge of the incident;" "[t]he names of other individuals involved;" "[a] brief description of the incident or complaint;" "[s]teps, if any, taken toward an informal resolution of the complaint;" and "[r]elief requested to resolve the complaint." COMAR 12.02.28.09.D(2). If his ARP request is dismissed, he can challenge the decision by filing an appeal with the Commissioner of Corrections. COMAR 12.07.01.05C. If he is dissatisfied with the result when he completes that procedure, he may file a grievance with the Inmate Grievance Office ("IGO"). Corr. Servs. §§ 10-206(a), 10-210; COMAR 12.07.01.03, 05B. The IGO may refer the complaint to an administrative law judge ("ALJ") for a hearing or dismiss it without a hearing if it is "wholly lacking in merit on its face." Corr. Servs. §§ 10-207, 10-208; Cts. & Jud. Proc. § 10-208(c); COMAR 12.07.01.06A, .07, .07B, .08. If the IGO dismisses the complaint, its dismissal serves as a final agency determination. Corr. Servs. §§ 10-207(b)(1). If the complaint is referred to an ALJ, the ALJ provides a proposed decision to

the Secretary of Department of Public Safety and Correctional Services. *See* Corr. Servs. § 10-209(b)–(c). The Secretary, in turn, makes a final agency determination. *See id.*

The defendants contend that Kraisel did not exhaust his claims against them. ECF 40-1, at 8. They assert that Kraisel's ARP make no allegations against the Warden or Officer Kabler. *Id.*

The ARP and appeals attached to the complaint, which Kraisel agrees reflect his efforts to exhaust his claims, *see* ECF 44, at 4, do not demonstrate that Kraisel exhausted his claims that the defendants failed to maintain in proper working order the bench that he fell off. *See* COMAR 12.02.28.04.A(2), (6), (9). Rather, Kraisel alleged in his ARP and resubmitted ARP that he did not receive proper medical care. That is different than a failure to maintain safe prison conditions. Although Kraisal mentioned in his ARP that he fell on December 10, 2018 and vaguely stated that his injury was the result of "the prison's negligence," he did not mention the bench or its uneven legs or the Warden or Officer Kabler's alleged roles in causing his injury. ECF 1-2, at 2–3, 5–8. Because Kraisel did not complain about how the prison, and specifically the Warden or Officer Kabler, were negligent in maintaining prison facilities, the prison never had the opportunity to investigate Kraisel's complaints about the broken bench or the Warden's and Officer Kabler's roles in maintaining it, and the prison was unable to address or resolve these claims before Kraisel filed suit. Among the purposes of the exhaustion requirement is reduction in unnecessary litigation and development of a factual record to improve litigation that does occur. *See Jones*, 549 U.S. at 219. Kraisel's failure to exhaust his administrative remedies as to these claims has thwarted those purposes. His complaint must be dismissed because he did not exhaust administrative remedies. *See Williams v. Carvajal*, 63 F.4th 279, 293 (4th Cir. 2023) (affirming dismissal without prejudice for failure to exhaust).

To the extent Kraisel also seeks to bring state law claims for negligence against the defendants, the Court declines supplemental jurisdiction and dismisses those claims without prejudice. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966). Furthermore, Kraisel's motion for summary judgment is denied because it does not provide a basis for overcoming his failure to exhaust.

## IV.   Conclusion

For the foregoing reasons, the defendants' motion, construed as a motion to dismiss, is granted, and Kraisel's motion for summary judgment is denied.[3] A separate order follows.

May 23, 2025  
Date

Deborah L. Boardman  
United States District Judge

---

[3] Due to Kraisel's failure to exhaust administrative remedies, the Court need not address the defendants' remaining arguments for relief.